FRANCISCO MEDINA-GONZÁLEZ, Plaintiff and Appellee, v. SERA-FÍN MONTALVO ET AL., Defendants and Appellants.

No. 4494. Argued July 2, 1928.—Decided July 10, 1928.

Wilson P. Colberg for the appellants. E. Negrón Benítez for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an injunction proceeding to recover possession of a parcel of land described in the complaint. The complaint was verified and so was the answer, in which some defenses were set up also. The plaintiff moved the court to strike

out all of the allegations of the answer and the defenses alleged therein because the former contained a negative pregnant and the latter are impertinent and immaterial, and also prayed for a judgment against the defendants. It appears from a certificate issued by the stenographer of the court that on December 22, 1927, the day set for the trial, the court issued an order in open court which after setting forth several reasons concludes as follows: "The court sustains the motion and directs that judgment be entered for the plaintiff, with costs against the defendants." On the same day the defendants appealed from that judgment on the pleadings and the appellee moves for dismissal of the appeal because no copy of the judgment appealed from appears in the record. After making that motion the appellee presented another certificate of the stenographer similar to the one already mentioned and containing besides a certificate of the clerk of the court to the effect that that certificate is in the record of the case.

The order referred to in the two certificates of the stenographer is the ruling on the motion of the plaintiff to strike out all of the allegations of the answer and render judgment against the defendants, but it is not the judgment, for it is thereby directed that judgment be entered for the plaintiff. That judgment should have been entered and a copy thereof attached to the record on appeal from the judgment. The order of the court directing that judgment be entered can not supply the judgment itself; therefore, in the absence of a copy of the judgment appealed from the appeal must be dismissed.